## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 05 2017, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony J. Saunders
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.P., | July 5, 2017 |
| *Appellant-Respondent,* | Court of Appeals Case No. 33A04-1702-DR-323 |
| v. | Appeal from the Henry Circuit Court |
| A.L., | The Honorable Kit C. Dean Crane, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 33C02-1001-DR-14 |

**Baker, Judge.**

In April 2010, the marriage of D.P. (Father) and A.L. (Mother) was dissolved. One child, Da.P. (Child), was born of the marriage in October 2006. Pursuant to the dissolution decree, Mother was Child's primary legal and physical custodian, and Father had parenting time with Child every weekend. In April 2011, Father pleaded guilty to Class D felony sexual battery[1] and is required to register as a sex offender until 2021.

On November 20, 2015, Mother filed a petition to, among other things, modify the parties' parenting time arrangement. Specifically, she asked that Father's parenting time be supervised by another adult. At the September 7, 2016, hearing on Mother's motion, Mother testified that the two primary reasons supporting her modification petition are Father's 2011 sexual battery conviction and an increase in negative behaviors from Child following the weekends he spends with Father. She testified that, after returning from parenting time with Father, Child frequently hits himself and makes statements about wishing violence on Father. Tr. p. 8. On one occasion, Child had to be admitted for two weeks at an inpatient mental health facility. *Id.*

Following the hearing, the trial court granted Mother's motion, finding that "there has been a continuing and substantial change in circumstances" since the dissolution decree was issued. Appealed Order p. 1. The trial court focused on Father's 2011 conviction and the requirement that he register as a sex offender

---

[1] The victim was a 16-year-old individual who is unrelated to this appeal.

as the changed circumstances. The trial court then found that "[i]t is in the best interest of the minor child that [Father's] overnight parenting time be suspended and [Father] shall have supervised visitation pursuant to the Indiana Parenting Time Guidelines. [Father's] supervised visitation shall occur by an adult agreed upon by both parties until further Order of this Court." *Id.* Father now appeals.

[4] A decision about parenting time requires us to give foremost consideration to the best interests of the child. *Meisberger v. Bishop*, 15 N.E.3d 653, 656 (Ind. Ct. App. 2014). In conducting our review, we will neither reweigh evidence nor reassess witness credibility. *Id.* We will reverse only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs as a matter of law. *Id.*

[5] Indiana Code section 31-17-4-2 provides as follows:

> The court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child. However, the court shall not restrict a parent's parenting time rights unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotional development.

We have found in the past that, in ruling on a motion to modify parenting time, the trial court must consider and make a finding as to potential endangerment of the child's physical health or significant impairment of the child's emotional development. *Meisberger*, 15 N.E.3d at 659-60 (finding that trial court could not restrict incarcerated father's parenting time with child absent specific findings

regarding endangerment of physical health or significant impairment of emotional development); *Rickman v. Rickman*, 993 N.E.2d 1166, 1169 (Ind. Ct. App. 2013) (finding that mere fact that father was incarcerated on child molestation charges was insufficient to deny his petition for parenting time modification; further findings and factual basis were needed).

[6] Here, as in *Meisberger* and *Rickman*, the trial court neglected to include a sufficient factual basis addressing the factors set forth in Indiana Code section 31-17-4-2.[2] While the trial court did reach a conclusion regarding the best interests of the child, it did not make a finding regarding endangerment of Child's physical health or significant impairment of Child's emotional development. Therefore, we remand for the trial court to determine and make one or more findings on these factors or, in its discretion, to conduct other proceedings consistent with this opinion.

[7] The judgment of the trial court is remanded with instructions.

Barnes, J., and Crone, J., concur.

---

[2] We also note that the trial court found a continuing and substantial change in circumstances. To modify parenting time, however, the trial court need not make such a finding, which is required only for modification of custody. *See* Ind. Code § 31-17-2-21 (requiring the trial court to find a substantial change in statutory factors to modify custody). Instead, the trial court should focus on Indiana Code section 31-17-4-2, which governs parenting time modification.